Ruth W. Dyer et al. [1] v. Commissioner. Dyer v. Commissioner
Docket No. 33180.
United States Tax Court
T.C. Memo 1954-28; 1954 Tax Ct. Memo LEXIS 229; 13 T.C.M. (CCH) 430; T.C.M. (RIA) 54134; April 30, 1954, Filed *229 Walter W. Walsh, Esq., and Brady O. Bryson, Esq., for the petitioners. Rigmor O. Carlsen, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Sur Mandate VAN FOSSAN, Judge: These cases are presently before us on reversal by and remand of the Court of Appeals for the Second Circuit. The Court of Appeals (Judge Clark dissenting) held that since we had made no explicit finding of fact "of lack of good faith intention" on the part of the several women involved in the alleged joint venture, it must reverse our holding, stating: "The judge here made no such finding. Had he done so, basing it on all the elements of the situation (including, among other things, the fact that the women had not read the contracts they signed) and resting his finding in part on a testimonial inference resulting from his observation of the demeanor of the witnesses who testified orally, we would have affirmed. * * *
"Even so, we need not and shall not here close the door to Tax Court compliance with the Culbertson requirement. 'In order that injustice may not be done' to the government, and following the practice, particularly in a case of this type, adopted *230 by the Supreme Court (and by us), we reverse and remand for the purpose of permitting the judge, if he believes the evidence so warrants, to make a further finding relative to the issue of good faith." Addressing ourselves to the matter of good faith, after reviewing and reconsidering all of the evidence in the cases, all reasonable deductions and inferences to be made therefrom, all impressions persisting in the mind of the Court, and the criteria outlined by the Court of Appeals in the first above quotation from its opinion, we make the following additional finding of fact, amending and supplementary to the findings of fact originally made by us and quoted in full by the Court of Appeals in its opinion: "None of the five women here involved, specifically, Dorothy H. Daidone, Laura E. Vanderveer, Yvonne L. Dyer, Deborah S. Dyer, and Harriette W. Price, in good faith and acting with a business purpose intended to join in the present conduct of the enterprise in question." The original report in this case, consisting of our Memorandum Findings of Fact and Opinion [11 TCM 858], is hereby incorporated herein by this reference. Decisions will be entered under Rule *231 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Benjamin W. Dyer, Jr., Docket No. 33181; Daniel L. Dyer, Docket No. 33182; Leonard Francis Daidone, Docket No. 33183; and William Harry Vanderveer, Docket No. 33184.↩